# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 21-0477V
UNPUBLISHED

| | |
|---|---|
| BROOKE LANGFORD,<br><br>               Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>               Respondent. | Chief Special Master Corcoran<br><br>Filed: January 24, 2023<br><br>Special Processing Unit (SPU);<br>Ruling on Entitlement; Concession;<br>Table Injury; Influenza (Flu) Vaccine;<br>Shoulder Injury Related to Vaccine<br>Administration (SIRVA) |

*Amy A. Senerth*, Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Steven Santayana*, U.S. Department of Justice, Washington, DC, for Respondent.

## RULING ON ENTITLEMENT[1]

On January 11, 2021, Brooke Langford filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered from a shoulder injury related to vaccine administration ("SIRVA") as a result of receiving an influenza ("flu") vaccine to her left deltoid on October 3, 2019. Petition at 1. Petitioner further alleges that her injuries lasted more than six months. Petition at 2. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On January 24, 2023, Respondent filed a combined Rule 4(c) report and Proffer ("Rule 4/Proffer") in which he concedes that Petitioner is entitled to compensation in this case. Rule 4/Proffer at 1. Specifically, Respondent states that the "Department of Health

---

[1] Because this unpublished Ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

and Human Services (DICP), have reviewed the facts of this case and concluded that petitioner's claim meets the Table criteria for SIRVA." *Id.* at 4. Respondent further agrees that "[w]ith respect to other statutory and jurisdictional issues, the records show that the case was timely filed, that the vaccine was received in the United States, and that petitioner satisfied the statutory severity requirement by suffering the residual effects or complications of her injury for more than six months after vaccine administration." *Id.* Respondent also states that Petitioner "averred that she has not 'received any compensation in the form of award or settlement for Petitioner's vaccine-related injuries'" and that Respondent "concedes that entitlement to compensation is appropriate under the terms of the Vaccine Act." *Id*. at 5.

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

IT IS SO ORDERED.

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master